UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MIGUEL JIMENEZ and JUDE DELATTA,

    Plaintiffs,

    v.

HOME DEPOT INC., and DOES 1 through 10,

    Defendants.

No. 2:23-cv-00937 WBS AC

MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION TO DISMISS

----oo0oo----

    Miguel Jimenez and Jude Delatta ("plaintiffs") brought this action against Home Depot Inc. ("defendant"), alleging violations of state law in connection to their experiences while shopping at one of defendant's stores.  They assert claims for false imprisonment (Claim 1); false light (Claim 2); intentional infliction of emotional distress ("IIED") (Claim 3); violation of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 (Claim 4); violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.  (Claims 5 and

1

7); and negligence (Claim 6).  (See generally Compl. (Docket No. 1-2).)  Before the court is defendant's motion to dismiss.  (Mot. (Docket No. 6).)

I.   Factual Allegations[1]

On four occasions, plaintiffs were stopped by one of defendant's employees after plaintiffs had used the self-checkout register.  (See generally Compl.)  During the first incident, which occurred on May 28, 2022, an employee let plaintiffs exit the store after they used the self-checkout register.  (Id. ¶¶ 7, 9-11.)  Shortly after plaintiffs exited, the employee ran after them and demanded plaintiffs show a receipt.  (Id. ¶ 12.)  The employee explained that other self-checkout employees had said that the plaintiffs had not paid.  (Id.)  Plaintiffs eventually showed the employee their receipt and the employee confirmed every item had been paid for.  (Id. ¶¶ 14-15.)

During the second incident, on June 2, 2022, plaintiffs again were asked to show their receipt after using the self-checkout register.  (Id. ¶¶ 16-21.)  During this incident, Plaintiff Jimenez asked the employee: "[W]hy is this happening[?] [I]s it because I'm Mexican?"  (Id. ¶ 21.)  The employee responded: "Don't pull that shit on me[.]  I'm Mexican too!"  (Id.)

The third incident occurred on June 3, 2022.  (Id. ¶ 23.)  This time, when plaintiffs were using the self-checkout, they overheard an employee tell another employee to "watch them and count all their items."  (Id. ¶ 25.)

---

[1]   The court takes the allegations of the Complaint as true.

1           The fourth and final incident occurred on June 4, 2022.
2  (Id. ¶ 30.)  As plaintiffs were checking out, an employee watched
3  the screen at the self-checkout register to make sure plaintiffs
4  paid for everything.  (Id. ¶ 33.)  As plaintiffs left the
5  register, the employee told them they did not pay for everything.
6  (Id. ¶ 34.)  After checking the receipt and the items, the
7  employee confirmed that plaintiffs had in fact paid for
8  everything and apologized for the mistake. (Id. ¶ 36.)
9  II.  Legal Standard
10          Federal Rule of Civil Procedure 12(b)(6) allows for
11 dismissal when the plaintiff's complaint fails to state a claim
12 upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).
13 "A Rule 12(b)(6) motion tests the legal sufficiency of a claim."
14 Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  The inquiry
15 before the court is whether, accepting the factual allegations in
16 the complaint as true and drawing all reasonable inferences in
17 the non-moving party's favor, the complaint has stated "a claim
18 to relief that is plausible on its face."  Bell Atl. Corp. v.
19 Twombly, 550 U.S. 544, 570 (2007).
20          Courts are not, however, "required to accept as true
21 allegations that are merely conclusory, unwarranted deductions of
22 fact, or unreasonable inferences."  Sprewell v. Golden State
23 Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see Bell Atl. Corp.,
24 550 U.S. at 555.  Accordingly, "for a complaint to survive a
25 motion to dismiss, the non-conclusory 'factual content,' and
26 reasonable inferences from that content, must be plausibly
27 suggestive of a claim entitling the plaintiff to relief."  Moss
28 v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

III. Discussion

    A.   False Imprisonment (Claim 1)

To state a claim for false imprisonment, a plaintiff must plead: "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." Young v. Cnty. of L.A., 655 F.3d 1156, 1169 (9th Cir. 2011) (quoting Easton v. Sutter Coast Hosp., 80 Cal. App. 4th 485, 496 (1st Dist. 2000) (quotations omitted). "Restraint of confinement 'may be effectuated by means of physical force, threat of force or of arrest, confinement by physical barriers, or by means of any other form of unreasonable duress." Robles v. Agreserves, Inc., 158 F. Supp. 3d 952, 976 (E.D. Cal. 2016) (Ishii, J.) (quoting Fermino v. Fedco, Inc., 7 Cal. 4th 701, 715 (1994)).

Here, plaintiffs allege that defendants "unlawfully detained" them. (Compl. ¶ 42.) However, the Complaint contains no allegations that plaintiffs were prevented from leaving by "physical force, threat of force or of arrest, confinement by physical barriers, or by means of any other form of unreasonable duress." Robles, 158 F. Supp. 3d at 975. An employee demanding a customer show a receipt, without more, does not amount to being detained. Therefore, plaintiffs have failed to allege facts sufficient to support a claim for false imprisonment.

    B.   False Light (Claim 2)

To state a claim for false light, the plaintiff must plead that "(1) the defendant caused to be generated publicity of the plaintiff that was false or misleading, and (2) the publicity

4

1  was offensive to a reasonable person." <u>Pacini v. Nationstar
2  Mortg., LLC</u>, No. 12-cv-04606, 2013 WL 2924441, at *9 (N.D. Cal.
3  June 13, 2013) (citing <u>Fellows v. Nat'l Enquirer, Inc.</u>, 42 Cal.
4  3d 234, 238-39 (1986)).  "'Publicity' . . . means that the matter
5  is made public, by communicating it to the public at large, or to
6  so many persons that the matter must be regarded as substantially
7  certain to become one of public knowledge." <u>Orff v. City of
8  Imperial</u>, No. 17-cv-0116, 2017 WL 5569843, at *9 (S.D. Cal. Nov.
9  17, 2017) (quoting Rest. 2d Torts, §§ 652D, 652E).
10          Here, plaintiffs base their false light claim on the
11 employees' demands to see plaintiffs' receipts.  Plaintiffs
12 suggest that these demands could be construed as accusations of
13 theft.  (<u>See</u> Compl. ¶ 47.)  Plaintiffs also allege that these
14 statements were witnessed by people at or around defendant's
15 store.  (<u>Id.</u> ¶ 50.)  The court finds these allegations are
16 insufficient to support a claim for false light.  Something being
17 overhead by a few people doesn't constitute "publicity" for
18 purposes of a false light claim.  <u>See</u> <u>Orff</u>, 2017 WL 5569843, at
19 *9 (defining "publicity" as "communicating . . . to the public at
20 large, or to so many persons that [it becomes] public
21 knowledge").  Moreover, plaintiffs failed to sufficiently allege
22 facts that support their suggestion that asking to verify a
23 receipt from a self-checkout register is the equivalent
24 accusation of theft.  <u>See</u> <u>Sprewell</u>, 266 F.3d at 988 (a court is
25 not "required to accept as true allegations that are merely . . .
26 unreasonable inferences").
27          C.   <u>IIED (Claim 3)</u>
28          To state a claim for IIED, a plaintiff must show: "(1)

1  extreme and outrageous conduct by the defendant with the
2  intention of causing, or reckless disregard of the probability of
3  causing, emotional distress; (2) the plaintiff's suffering severe
4  or extreme emotional distress; and (3) actual and proximate
5  causation of the emotional distress by the defendant's outrageous
6  conduct." Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965,
7  1001 (1993); Avila v. Willits Env't Remediation Tr., 633 F.3d
8  828, 844 (9th Cir. 2011) (same).  "Conduct is 'extreme and
9  outrageous' when it is 'so extreme as to exceed all bounds of
10 that usually tolerated in a civilized community." Robles, 158 F.
11 Supp. 3d at 978 (quoting Hughes v. Pair, 46 Cal. 4th 1035, 1050
12 (2009); Potter, 6 Cal. 4th at 1001).
13         Here, plaintiffs allege that the employees' accusations
14 of theft support a claim for IIED because such accusations go
15 "against all bounds on decency in human society."  (Compl. ¶ 58.)
16 The court disagrees.  Verifying that someone paid for all items
17 at self-checkout, particularly in the absence of threatening or
18 offensive language, does not amount to the "extreme and
19 outrageous" conduct necessary to state a claim for IIED.  See
20 Crouch v. Trinity Christian Cent. of Santa Ana, Inc., 39 Cal.
21 App. 5th 995, 1007 (4th Dist. 2019) ("Generally, the case is one
22 in which the recitation of the facts to an average member of the
23 community would arouse his resentment against the actor, and lead
24 him to exclaim, 'Outrageous!'").
25         Concluding that conduct is "extreme and outrageous"
26 without any factual allegations to support that conclusion does
27 not state a claim for IIED.  See Jones v. Dollar Tree Stores,
28 Inc., No. 21-cv-7441, 2021 WL 6496822, at *6 (C.D. Cal. Nov. 4,

2021) ("Plaintiff's allegations concerning IIED are deficient" as they merely "rel[y] on a formulaic recitation of the elements for an IIED cause of action."); see also Mitan v. Feeney, 497 F. Supp. 2d 1113, 1125 (C.D. Cal. July 18, 2007) (finding plaintiff failed to state a claim for IIED because allegations of "threats of intimidation and force" are "too vague to give any meaningful notice of the claim's actual basis").  While plaintiffs may be offended by the alleged accusations of theft, being offended is insufficient to support a claim for IIED.  See Yurick v. Superior Court, 209 Cal. App. 3d 1116, 1128 (3rd Dist. 1989) ("[A] plaintiff cannot recover merely because of hurt feelings.").  Therefore, plaintiffs have failed to allege facts sufficient to support a claim for IIED.

### D. Unruh Act (Claim 4)

The Unruh Act "secures equal access to public accommodations and prohibits discrimination by business establishments."  Sprewell, 266 F.3d at 989 (quoting Black v. Dep't of Mental Health, 83 Cal. App. 4th 739, 746 (2nd Dist. 2000)) (quotations omitted).  To state a claim under the Unruh Act, a plaintiff must show intentional discrimination.  See James v. U.S. Bancorp, No. 5:18-cv-01762, 2019 WL 3058971, at *7 (C.D. Cal. Jan. 11, 2019) ("Proof of intentional discrimination is necessary to establish an Unruh Act violation.") (citing Munson v. Del Taco, Inc., 46 Cal. 4th 661, 664 (2009)).  "To plead intentional discrimination, [a] plaintiff cannot merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief."  Moralez v. Whole Foods Mkt. Cal., Inc., No. 14-cv-05022, 2016 WL 845291, at *3 (N.D. Cal. Mar. 4,

2016).

Here, plaintiffs allege that they were asked to show the receipts from self-checkout because of their race. (Compl. ¶ 66.) However, the Complaint lacks any facts "that demonstrate that race was the reason for defendant's actions." See Moralez, 2016 WL 845291, at *3 (quoting Mesumbe v. Howard Univ., 706 F. Supp. 2d 86, 92 (D. D.C. 2010) (quotations omitted). For example, the Complaint contains no allegations that other Hispanic customers were asked to show their receipts or that non-Hispanic customers were not asked to show their receipts. Cf. James, 2019 WL 3058971, at *7 ("[S]imply allowing customers of other races to open [bank] accounts, without more, does not plausibly suggest that the employees discriminated against [p]laintiffs."). Merely concluding that plaintiffs were stopped because of their race, without alleging any facts in support of that conclusion, is insufficient to state a claim under the Unruh Act. See Jones, 2021 WL 6496822, at *6 (dismissing Unruh Act claim because it "lacks the necessary details and supporting facts to infer discriminatory intent").

  E.  UCL (Claims 5 and 7)[2]

"California's UCL[] prohibits 'any unlawful, unfair, or fraudulent business act or practice.'" Castaneda v. Saxon Mortg. Servs., Inc., 687 F. Supp. 2d 1191, 1202 (E.D. Cal. 2009) (Shubb, J.) (quoting Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 187 (1999)). To have standing under the UCL, a plaintiff must: "(1) establish a loss or deprivation of money or

---

[2] The court will address Claims 5 and 7 together because the claims, as alleged, are identical.

property sufficient to qualify as injury in face, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." Kwikset Corp. v. Superior Court, 246 Cal. 4th 310, 332 (2011).

Here, defendant argues that plaintiffs do not have standing because they did not allege that they suffered an economic injury caused by defendant's conduct. (Mot. at 22.) Plaintiffs allege that they lost work and wages because of the employees' actions. (Compl. ¶ 52.) However, plaintiffs do not provide any additional facts about their alleged economic injury. There is no plausible explanation of how being asked to show their receipt after using a self-checkout register would affect plaintiffs' work or wages. The court therefore finds that plaintiffs failed to allege facts sufficient to show they have standing to assert a claim under California's UCL. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").[3]

F. Negligence (Claim 6)

"To state a claim for negligence, plaintiffs must allege: (1) a legal duty to use reasonable care, (2) breach of that duty, (3) proximate cause between the breach and (4) the plaintiffs' injury." Mendoza v. City of L.A., 66 Cal. App. 4th 1333, 1339 (2nd Dist. 1989). Business proprietors, such as

---

[3] Even if plaintiffs' had standing, they have failed to allege facts sufficient to support a claim under either the UCL's "unlawful" or "unfair" prongs.

9

1   defendant, have a "special relationship" with their patrons and
2   thus "owe an affirmative duty to protect [them] from the conduct
3   of third parties, or to assist another who has been attacked by
4   third parties . . . ."  Morris v. De La Torre, 36 Cal. 4th 260,
5   269 (2005).
6        Here, defendant argues that its affirmative duty as a
7   business proprietor does not extend to "protecting the emotional
8   well-being of a customer" and is not breached by asking a
9   customer to show a receipt after using the self-checkout
10  register.  (Mot. at 22.)  The court agrees.  Defendant's duty as
11  a business proprietor was to protect customers.  Morris, 36 Cal.
12  4th at 269.  The court does not see how verifying payment after
13  the use of a self-checkout register breaches that duty.
14       In their Opposition, plaintiffs argue that defendants
15  "owed a duty to [p]laintiffs to refrain from actions that caused
16  [p]laintiffs' person or property to be placed at risk of harm"
17  and defendants breached that duty when "they allowed, encouraged,
18  or ratified their agent's decision to" engage with plaintiffs
19  after they used the self-checkout register.  (Opp'n at 10.)
20  Plaintiffs, however, cite no caselaw in support of these
21  propositions.  Further, the Complaint does not contain any
22  allegations which support their assertion that they or their
23  property were placed at risk of harm.  Therefore, plaintiffs have
24  failed to allege facts sufficient to support a claim for
25  negligence.
26       IT IS THEREFORE ORDERED that defendant's motion to
27  dismiss (Docket No. 6) be, and the same hereby is, GRANTED.
28  Plaintiffs have twenty days from the date of this Order to file

an amended complaint, if they can do so consistent with this Order.

Dated: August 7, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE